UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Bowe v. Monsanto Co.*,<br>Case No. 3:22-cv-01229-VC<br><br>*Yoder v. Monsanto Co.*,<br>Case No. 3:22-cv-03140-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PRETRIAL ORDER NO. 320: ORDER GRANTING MONSANTO'S MOTION TO EXCLUDE EXPERT ASHRAF AND MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 20073 |

Monsanto's motion to exclude the testimony of Dr. Khaleel Ashraf is granted. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior Daubert rulings in this MDL, and the arguments made by the parties. *See generally In re Roundup Products Liability Litigation*, 390 F. Supp. 3d 1102 (N.D. Cal. 2018) (Pretrial Order No. 45, Dkt. No. 1596); *In re Roundup Products Liability Litigation*, 358 F. Supp. 3d 956 (N.D. Cal. 2019) (Pretrial Order No. 85, Dkt. No. 2799); *Hardeman v. Monsanto Company*, 997 F.3d 941 (9th Cir. 2021).

Ashraf's opinions in these two cases have similar flaws to those discussed in Pretrial Order No. 314. *See* Dkt. No. 20341. Among other issues, Ashraf failed to investigate Bowe and Yoder's exposure to other pesticides. In both cases, his report noted the plaintiffs were exposed to other pesticides, but did not identify the pesticides or describe how significant the exposures were. *See* Ashraf Report (*Yoder*) (Dkt. No. 20073-5) at 18–19; *see also* Ashraf Report (*Bowe*) (Dkt. No. 20073-4) at 22–23. At deposition, he admitted that at least some of the ingredients in

other pesticides the plaintiffs were exposed to (including non-Roundup glyphosate products and 2,4-D) have epidemiological associations with NHL. *See* Ashraf Dep. (*Yoder*) at 120:20–24. But it's clear from Ashraf's deposition testimony that he developed no familiarity with those products, did not meaningfully examine the plaintiffs' exposure to those products, and thus utterly failed to conduct a meaningful analysis of whether they were more or less likely to have caused the plaintiffs' NHL than Roundup. Indeed, Ashraf did not even seem to know, before the depositions, that some of the other products contained glyphosate and were not produced by Monsanto. Ashraf Dep. (*Bowe*) (Dkt. No. 20073-6) at 85:24–86:11. Therefore, his testimony is excluded.

With Ashraf's exclusion, the plaintiffs do not have admissible expert testimony on specific causation. Therefore, Monsanto's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: March 26, 2025

_____
VINCE CHHABRIA
United States District Judge